UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IVETTE MARQUEZ,

                          Plaintiffs,

       -v-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

------------------------------------------------------------------X

12 Civ. 8151 (PAE)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

Before the Court is the May 2, 2013 Report and Recommendation of Magistrate Judge Sarah Netburn, recommending that the Court dismiss plaintiff's complaints for failure to state a claim (the "Report"). Dkt. 17. For the reasons that follow, the Court adopts the Report in full.

**I.  Discussion**

Marquez, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits.

The Commissioner has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 12–15. On May 2, 2013, Judge Netburn issued the Report, recommending that the Commissioner's motion to dismiss the complaint be granted in part and denied in part. Specifically, she recommended dismissing the complaint for failure to state a claim, because Marquez filed this lawsuit more than 60 days after the Commissioner had issued its notice of final decision. Judge Netburn also recommended denying the motion to

dismiss for lack of subject matter jurisdiction, because timeliness of filing is properly considered an affirmative defense rather than a jurisdictional bar.

The deadline for the parties to file objections to the Report was May 17, 2013. To this date, no objections have been filed.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because Marquez has not submitted objections to the Report, a review for clear error is appropriate. Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file these timely objections will result in a waiver of those objections for the purposes of appeal," Report 9, these plaintiffs failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Marquez's complaint is accordingly dismissed for failure to state a claim. The Clerk of Court is requested to terminate the motion pending at document number 12, and to close the case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 1, 2013
       New York, New York